# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| WASEEM DAKER, | : |
| Petitioner, | : |
| v. | : Case No. 5:18-cv-00171-MTT-CHW |
| WARDEN GREGORY MCLAUGHLIN, | : |
| Respondent. | : |

# ORDER

Petitioner Waseem Daker, an inmate confined at Macon State Prison, filed a *pro se* action using the Court's standard habeas form for use by prisoners proceeding under 28 U.S.C. § 2254. In the body of his pleading, Petitioner raises multiple claims challenging the conditions of his confinement attendant to his placement in administrative segregation and seeks to proceed under 28 U.S.C. § 2241, 28 U.S.C. § 2254, and 42 U.S.C. § 1983. After reviewing his claims, the Court found that they are not cognizable in an application for writ of habeas corpus and are properly brought in a civil rights complaint under 42 U.S.C. § 1983. Petitioner, however, is barred from proceeding *in forma pauperis* under 28 U.S.C. 1915(g) and failed to pay the Court's filing fee. Consequently, on July 18, 2018, the Court dismissed this action without prejudice. Order of Dismissal, ECF No. 3. Thereafter, Petitioner filed a motion for access to case authorities (ECF No. 5), a motion to vacate (ECF No. 6), and a motion for leave to appeal *in forma pauperis* (ECF No. 11). Petitioner's motions are **DENIED** as follows.

I.      **Motion to Vacate**

In Petitioner's motion to vacate brought under Rule 59(e), he argues that (1) the Court erred by finding that his claims for relief are not cognizable in a habeas action, (2) the Court erred by failing to provide Petitioner notice prior to dismissing this action, and (3) Petitioner is entitled to a certificate of appealability. Under the local rules, motions for reconsideration "shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "The only grounds for granting [a Rule 59] motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original).

Petitioner primarily argues that his claims for relief are cognizable in a habeas action, and the Court erred by determining his claims were properly brought under 42 U.S.C. § 1983. The Court construed this same argument from the many references to *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003) in the Petition and rejected it. Motions for reconsideration "cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citing *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Accordingly, Petitioner's attempt to bolster the arguments the Court construed from his Petition, rehash arguments, or refine or improve his reasoning is not a valid basis for reconsideration.

Furthermore, Petitioner's argument is without merit. As the Court discussed in the order of dismissal, the United States Supreme Court has distinguished challenges to prison

disciplinary proceedings affecting the conditions of a prisoner's confinement, which are properly brought under § 1983, from challenges to prison proceedings which may impact the duration of a prisoner's confinement and are thus properly brought through a petition for writ of habeas corpus. *Wolff v. McDonnell,* 418 U.S. 539, 554 (1974). In doing so, the Supreme "Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005); *see also Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside [the core of habeas] and may be brought pursuant to § 1983 in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004) and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).[1]

Of course, some cases implicate both § 1983 relief and the core of habeas. Such cases concern claims for damages which also affect the duration of a prisoner's confinement or challenge the validity of a prisoner's conviction. When a prisoner brings

---

[1] In *Muhammad*, the Supreme Court observed that it had "never followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints might have a habeas claim independent of § 1983.'" 540 U.S. at 751 n.1

a claim that falls within the literal terms of § 1983, "§ 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Nelson*, 541 U.S. at 643 (citing *Preiser*, 411 U.S. at 489). This is not one of those cases. Rather, it is a prisoner's challenge to administrative proceedings that cannot "be construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence," and it has raised "no claim on which habeas relief could [be] granted on any recognized theory." *Muhammad*, 540 U.S. at 754. "[H]abeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement" or the duration of confinement. *Dotson,* 544 U.S. at 81; *see also Pittman v. Tucker*, 213 F. App'x 867, 869 (11th Cir. 2007) (per curiam) (discussing *Muhammad* and holding that claims which do not contest "the validity of [a plaintiff's] underlying conviction" and do not "affect the time [a plaintiff] would serve related to his conviction," are not *Heck*-barred).

Petitioner attempts to distinguish *Muhammad, Hill, Nelson*, and other cases relied on by this Court in the order of dismissal based on the factual contexts in which they arose. Petitioner also relies on *Sheley v. Dugger*, 833 F.2d 1420 (11th Cir. 1987) and several cases from the former Fifth Circuit that considered conditions of confinement claims in the context of an appeal from denial of a habeas petition. The Eleventh Circuit has since determined that habeas relief is not the appropriate vehicle for raising claims which

4

challenge the conditions of a prisoner's confinement. *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) (per curiam). Moreover, since the cases relied on by Petitioner were decided, the Supreme Court has "declared [] in no uncertain terms, that when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at the 'core of habeas corpus,' and may be brought, if at all, under § 1983." *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011).

In this Circuit, a lawsuit which does not contest the underlying conviction or the "State's calculation of time to be served in accordance with the underlying sentence" does not "implicate a claim that [is] cognizable in a habeas action."[2] *Roberts v. Wilson*, 259 F. App'x 226, 228 (11th Cir. 2007) (per curiam). Section 1983 and habeas relief are "mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights actions." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (citing *Nelson,* 541 U.S. at 643); *Thomas v. McDonough*, 228 F. App'x 931, 932 (11th Cir. 2007) ("The Court in *Wilkinson* held that claims like [Petitioner's] are cognizable under § 1983. Because § 1983 and § 2254 are mutually exclusive, [Petitioner's] claims cannot be brought under § 2254."); *Miller v. Nix*, 346 F.

---

[2]Some Circuit Courts of Appeal have suggested that claims of a type similar to Petitioner's may be brought in a habeas action. *See e.g. Poree v. Collins*, 866 F.3d 235 (5th Cir. 2017); *Thompson v. Choinski*, 525 F.3d 205 (2d Cir. 2008); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242 n.5 (3d Cir. 2005); *Aamer v. Obama*, 742 F.3d 1023 (D.C.C. 2014). Petitioner's arguments reflect the reasoning in some of these cases. He argues recent Supreme Court cases such as *Heck* and *Muhammad* delineate the limits of § 1983 but not the limits of habeas. Like the Eleventh Circuit, the Ninth and Seventh Circuits have determined or suggested that § 1983 and habeas are mutually exclusive. *See Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016); *Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004). Both Circuits have further determined that challenges to placement in administrative segregation are not cognizable in habeas. *Nettles*, 830 F.3d at 922; *Jaske v. Hanks*, 27 F. App'x 622, 623 (7th Cir. 2001).

App'x 422, 423 (11th Cir. 2009) ("Because habeas and civil rights actions are mutually exclusive, the district court did not err by determining that Miller's claims cannot be brought in a petition for writ of habeas corpus." (internal citations omitted)). Both the Supreme Court and the Eleventh Circuit characterize a due process challenge to a prisoner's placement in administrative segregation as a "conditions of confinement" claim. *See e.g. Sandin v. Conner*, 515 U.S. 472 (1995); *Quintanilla v. Bryson*, 730 F. App'x 738 (11th Cir. 2018); *Al-Amin v. Donald*, 165 F. App'x 733 (11th Cir. 2006); *Delgiudice v. Primus*, 679 F. App'x 944 (11th Cir. 2017); *Turner v. Warden*, *GDCP*, 650 F. App'x 695 (11th Cir. 2016). Indeed, in *Quintanilla*, a case cited by Petitioner, the Eleventh Circuit addressed under § 1983 a due process claims challenging a prisoner's placement in the Georgia Department of Corrections tier program.

Similar to *Quintanilla*, Petitioner also raises a Fourteenth Amendment due process claim under *Sandin,* challenging his confinement in the Georgia Department of Corrections tier program. He additionally raises a First Amendment free speech claim, First Amendment religious exercise claims, a claim arising under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and Eighth Amendment deliberate indifference to serious medical needs claims. As observed in the order of dismissal, Petitioner explicitly states that he is not challenging his underlying conviction or the duration of his sentence, and his claims implicate neither. Petitioner could receive all the relief he seeks and the duration of his sentence would not be altered by one day and the validity of his conviction would not be implicated. Petitioner's civil rights claims are not cognizable in

a habeas action. *See Goodman v. Warden*, 687 F. App'x 788, 788-89 (11th Cir. 2017) (per curiam) (prisoner challenges to conditions of confinement, including claim that prisoner was entitled to less restrictive confinement, "are raised properly in a 42 U.S.C. § 1983 civil action not in a habeas proceeding" (citing *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013))); *Chamblee v. Florida*, 2018 WL 4654712, at *3 (11th Cir. 2018) (quoting 28 U.S.C. § 2254(a)) (stating that "[u]nder the federal habeas statute . . . a state habeas petitioner may challenge only the state-court judgment 'pursuant to' which the petitioner is being held 'in custody'"). Petitioner is not entitled to Rule 59 relief on this ground.

After determining that Petitioner's claims are not cognizable in a habeas action, rather than dismiss his pleading for that reason, the Court considered under what statute Petitioner's claims might arise.[3] *See Cruitt v. Ala.*, 647 F. App'x 909 (11th Cir. 2016) (per curiam) (vacating and remanding case where district court dismissed access-to-courts claim brought in § 2254 petition and failed to construe the action as arising under § 1983); *Muhammad v. Williams-Hubble*, 380 F. App'x 925, 926 (11th Cir. 2010) (per curiam) (construing claims raised in a purported habeas petition concerning deprivation of constitutional rights perpetrated by federal officers as a *Bivens* lawsuit); *Hall v. Warden, FCC Coleman-USP*, 571 F. App'x 826, 828 (11th Cir. 2014). The Court construed

---

[3]"Under Habeas Corpus Rule 4, if 'it plainly appeals from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (ellipsis in original).

Petitioner's conditions of confinement claims as brought in a civil rights complaint under 42 U.S.C. § 1983. Civil rights complaints brought by prisoners are subject to the Prison Litigation Reform Act of 1995 (PLRA), which requires the Court to screen prisoner filings to identify cognizable claims and dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Furthermore, under the PLRA, if a prisoner has three federal lawsuits or appeals dismissed on these grounds, he may not proceed *in forma pauperis* unless he shows that he is under an imminent danger of serious physical injury at the time he filed his complaint. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *see also* 28 U.S.C. § 1915(a). In this case, the Court concluded that Petitioner has acquired three strikes for purposes of 1915(g) and does not qualify to proceed under the imminent danger exception. As Petitioner failed to pay the filing fee and is barred from proceeding *in forma pauperis*, the Court dismissed his Petition without prejudice pursuant to 28 U.S.C. § 1915(g), per the procedure established by the Eleventh Circuit. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).

Prior to dismissing his pleading, the Court did not *sua sponte* invite Petitioner to amend his pleading. Petitioner argues that this was error and cites *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321 (11th Cir. 2011), for the proposition that a district court must provide notice to a litigant prior to *sua sponte* dismissal. *Tazoe* concerns a *sua sponte* dismissal based on *forum non conveniens*, which the Eleventh Circuit analogized to a dismissal under 28 U.S.C. § 1404(a). *Id.* at 1336. Neither *forum non conveniens* nor 28 U.S.C. § 1404(a)

8

are applicable to the reason for dismissal in this case, and the standard discussed in *Tazoe* is inapplicable. The same standard does not apply to the context and posture of this case, and the court is not required to *sua sponte* grant leave to amend prior to dismissing an action *without* prejudice. *Quinlan v. Personal Transport Services Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) (per curiam) ("But we never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint *without prejudice*." (emphasis added) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991))). Additionally, leave to amend should be provided *sua sponte*—prior to dismissal *with* prejudice—only where "a *pro se* plaintiff's complaint if more carefully drafted, might state a claim." *Jemison v. Mitchell*, 380 F. App'x 904, 906 (11th Cir. 2010) (per curiam). Petitioner's pleading is detailed, researched, and well-articulated. A more carefully drafted Petition on the facts of this case would not render his claims cognizable in a habeas action and would not entitle Petitioner to proceed *in forma pauperis.* Consequently, this ground for relief provides no basis for reconsideration, and Petitioner is not entitled to Rule 59 relief.

In Petitioner's motion to vacate, he also requests a certificate of appealability. Although Petitioner filed his pleading on the Court's standard form petition for prisoners proceeding under 28 U.S.C. § 2254, the Court determined that his claims arise under 42 U.S.C. § 1983, and according to the federal judiciary's Public Access to Court Electronic Records online database, the Eleventh Circuit docketed his appeal as "Prisoner—Civil Rights." *Daker v. McLaughlin*, No. 18-13800 (11th Cir. docketed Sept. 7, 2018). It is

not necessary to obtain a certificate of appealability in order to appeal the denial of relief in a 42 U.S.C. § 1983 action.[4]

## II. Motion for Access to Case Authorities

In Petitioner's motion for access to case authorities, he requests that "the court []order that Respondent shall provide Petitioner with paper copies of any opinions cited by the court in its dismissal order, or alternatively, for the court to do the same." Mot. for Access 23, ECF No. 5. The basis for Petitioner's request essentially amounts to a restatement of the First Amendment claim raised in Petitioner's initial pleading. Petitioner is not entitled to proceed with his claim at this time. Furthermore, the Eleventh Circuit has "never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding *in forma pauperis*, to free copies of court documents, including his own pleadings." *Jackson v. Fla., Dep't of Financial Services*, 479 F. App'x 289, 292-93 (11th Cir. 2012) (per curiam) (citing *Harless v. U.S.*, 329 F.2d 397, 398-99 (5th Cir. 1964)). Accordingly, Petitioner's motion for access to case authorities (ECF No. 5) is **DENIED.**

---

[4]In his motion to vacate, Petitioner points out that a habeas petition he filed in the Southern District of Georgia contesting his placement in administrative segregation and the conditions of his confinement at Georgia State Prison was allowed to proceed under Rule 4. *Daker v. Allen*, 6:17-cv-00023 (S.D. Ga. filed Feb. 3, 2017). In that case, the Magistrate Judge originally recommended dismissing the action upon determining that habeas relief was unavailable for Petitioner's claims. Petitioner objected, and the Magistrate Judge vacated the recommendation upon determining that Daker "potentially" raised some claims appropriately brought in a § 2254 action. The Magistrate Judge did not offer substantive analysis of the issue nor determine that Petitioner's claims are cognizable in a habeas action.

### III. Motion for Leave to Appeal *in Forma Pauperis*

Plaintiff has filed a motion to proceed *in forma pauperis* on appeal. ECF No. 11. As was noted in the Court's July 18, 2018 Order (ECF No. 3), Plaintiff has accumulated more than three strikes under 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act provides that a prisoner may not bring a civil action or **appeal** a civil judgment

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Because Plaintiff has had more than three complaints and/or appeals dismissed as frivolous in the past and has made no showing of "imminent danger of serious physical injury," his motion to proceed *in forma pauperis* on appeal is hereby **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire appellate filing fee, which is $505.00.

Consequently, Petitioner's motion for leave to appeal *in forma pauperis* (ECF No. 11) is **DENIED**.

### CONCLUSION

Because Petitioner has failed to satisfy the standard under Rule 59, Petitioner's motion to vacate (ECF No. 6) is **DENIED**. Petitioner's motion for access to case authorities (ECF No. 5) and motion for leave to appeal *in forma pauperis* (ECF No. 11)

are also **DENIED**.

    **SO ORDERED**, this 25th day of October, 2018.

                                    S/Marc T. Treadwell
                                    MARC T. TREADWELL, JUDGE
                                    UNITED STATES DISTRICT COURT