IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 5:18-cv-00171-MTT |
| WARDEN GREGORY MCLAUGHLIN, | : | |
| Respondent. | : | |

# ORDER

Petitioner Waseem Daker filed a second motion to proceed *in forma pauperis* on appeal and a postjudgment motion for preliminary injunction or temporary restraining order. Docs. 18; 19. Preliminary injunctions and temporary restraining orders provide temporary remedies while the parties fully litigate their claims. This Court dismissed Petitioner's claims, and this case has been closed for over five months. It is, therefore, axiomatic that he is not entitled to a preliminary injunction or temporary restraining order. His motion for preliminary injunction or temporary restraining order (Doc. 19) is **DENIED**. Petitioner's second motion to proceed *in forma pauperis* on appeal (Doc. 18) is also **DENIED**, as discussed below.

## I. BACKGROUND

Petitioner filed an ostensible application for writ of habeas corpus, raising numerous civil rights claims concerning the conditions of his confinement and his assignment to administrative segregation. Doc. 1 at 1. On July 18, 2018, the Court determined that Petitioner's civil rights claims were not cognizable in a habeas action

1

and construed them as brought under 42 U.S.C. § 1983. Doc. 3. Petitioner, however, has acquired three strikes for purposes of 28 U.S.C. § 1915(g) and is barred from proceeding *in forma pauperis* absent showing that he faces an imminent danger of serious physical injury. The Court determined that Petitioner's allegations failed to establish that he qualifies for the imminent danger exception, denied him *in forma pauperis* status, and dismissed his complaint per the procedures outlined by the Eleventh Circuit Court of Appeals. *See id.* at 7-12.

Petitioner filed a "motion to vacate" on August 14, 2018, contesting the dismissal of his complaint and primarily arguing that his civil rights claims are cognizable in a petition for writ of habeas corpus. Doc. 6 at 7-12. While that motion was pending, the clerk of court docketed his first notice of appeal. Doc. 7. This Court denied Petitioner's motion to vacate and denied him leave to proceed *in forma pauperis* on appeal. *See* Doc. 12. Thereafter, the Eleventh Circuit Court of Appeals dismissed his first appeal for failure to prosecute. *See* Doc. 13 at 1-2.

On November 30, 2018, Petitioner filed a second notice of appeal identifying the Court's denial of his "motion to vacate" as the order to be appealed. Doc. 14 at 1. The Eleventh Circuit Court of Appeals docketed his second appeal[1] and, on December

---

[1] "If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(a)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." *See* Fed. R. App. P. 4(a)(4)(B). As such, Petitioner's notice of appeal became effective after this Court denied his motion to vacate. *Jackson v. NCL America, LLC.*, 730 F. App'x 786, 788 n.2 (11th Cir. 2018). Petitioner did not amend his notice of appeal to include the order denying his motion to vacate. Petitioner could have raised each claim he presents in his second appeal in his first appeal. The Eleventh Circuit has determined that "lower court rulings that have not been challenged on a first appeal will not be disturbed in a subsequent appeal." *U.S. v. Garzon*, 223 F. App'x 899, 901 (11th Cir. 2007); *Reilly v. Herrera*, 729 F. App'x 760, 764 (11th Cir. 2018), *cert. denied*, 2019 WL 113254 (U.S. Jan. 7, 2019) ("Mr. Reilly cannot now seek to press an issue that he failed to properly present in his first

6, 2018, issued a notice to the parties that Petitioner has accumulated three strikes for purposes of § 1915(g) and cannot proceed in this appeal until the full docketing and filing fees are paid to this Court. Doc. 17 at 1. On the same day Petitioner's second notice of appeal was docketed, the Eleventh Circuit Court of Appeals declined to file a "motion to reinstate" Petitioner's first appeal, and a letter from the Eleventh Circuit's clerk informed Petitioner that before "any motions to reinstate can be considered" in that action, he would first need to pay the filing fee in the district court. Returned Unfiled 1, *Daker v. Warden*, No. 18-13800 (11th Cir. Nov. 30, 2018). Petitioner then filed a motion for leave to appeal *in forma pauperis* in this Court, presumably as to his second appeal.

## II. DISCUSSION

In his motion, Petitioner primarily raises two arguments: (1) that 28 U.S.C. § 1915(g) is unconstitutional and (2) that he qualifies for the imminent danger exception on appeal. Doc. 18 at 4-39. In his notice of appeal, Petitioner also contends that his claims are cognizable in a habeas action. Doc. 14 at 1.

As to Petitioner's first argument, the Eleventh Circuit Court of Appeals has repeatedly held that § 1915(g) is constitutional. *See Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Searcy v. Fifth Judicial Circuit Court of Fla.*, 615 F. App'x 652, 653 (11th Cir. 2015); *Vanderberg v. Donaldson*, 259 F.3d 1321 (11th Cir. 2001); *see also Daker v. Ward*, No. 17-13384-H (11th Cir. Jan. 16,

---

appeal."); *see also Lora v. NHS, Inc.*, 662 F. App'x 144, 145 (3d Cir. 2016) (finding no jurisdiction to consider second appeal after first appeal was dismissed for failure to prosecute).

3

2019) ("Daker's arguments that § 1915(g) is unconstitutional because it infringes upon his due-process rights and access to the courts, are foreclosed by this Court's precedent.") (citations omitted). Accordingly, this claim is without arguable merit.

As to Petitioner's second argument, in order to qualify under the imminent danger exception to § 1915(g), a petitioner must be under imminent danger at the time he files his complaint. *See O'Connor v. Sec't, Fla. Dep't of Corr.*, 732 F. App'x 768, 770 (11th Cir. 2018) (finding § 1915(g) dismissal appropriate where plaintiff failed to show that he was under an imminent danger "at the time he filed his complaint"). Petitioner's argument on appeal relies on factual allegations corresponding to events that occurred after he filed his initial complaint and largely after the Court dismissed his complaint. Doc. 14 at 8-12, 16-17, 20-21. On the facts of this case, whether Petitioner is now*, six months after he filed his complaint*, under an imminent danger of serious physical injury, is not relevant to whether this Court properly dismissed his complaint under § 1915(g).[2] *See Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) (finding that events occurring after a § 1915(g) dismissal do not provide a basis to reverse that dismissal).

Finally, to the extent that Petitioner challenges the Court's finding that his claims are not cognizable in a habeas action, the Court has thoroughly addressed this issue in both the order of dismissal and in the order denying Petitioner's motion to vacate. Petitioner's claims are cognizable in a civil rights complaint brought under § 1983, *Quintanilla v. Bryson*, 730 F. App'x 738 (11th Cir. 2018), and are not cognizable in a

---

[2] The Court also notes that to the extent that Petitioner appeals the underlying judgment of dismissal, this Court previously denied Petitioner leave to proceed *in forma pauperis* on appeal. Furthermore, granting Petitioner *in forma pauperis* status as to that order would circumvent both the Eleventh Circuit's dismissal of his first appeal and its refusal to docket his motion to reinstate.

4

petition for writ of habeas corpus. *Wilkinson v. Dotson,* 544 U.S. 74, 81 (2005) ("[H]abeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement" or the duration of confinement (citations omitted)); *see also Goodman v. Warden*, 687 F. App'x 788, 788-89 (11th Cir. 2017) (finding that prisoner's challenges to conditions of confinement, including claim that prisoner was entitled to less restrictive confinement, "are raised properly in a 42 U.S.C. § 1983 civil action[,] not in a habeas proceeding" (citing *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013))).

### III. CONCLUSION

In sum, Petitioner's civil rights claims arise under 42 U.S.C. § 1983 and are not cognizable in a petition for writ of habeas corpus. Petitioner has accumulated three strikes for purposes of § 1915(g) and failed to adequately plead that he was under an imminent danger of serious physical injury at the time he filed his complaint. Petitioner now alleges new facts to support an argument that an imminent danger developed in the six months since he filed his complaint, but that is not relevant to the reason for dismissal. The Eleventh Circuit has also determined that § 1915(g) is constitutional. His arguments provide no arguable basis for appeal, and the Court's independent review of the record reveals none. The appeal, therefore, is not brought in good faith. Petitioner's motion for leave to appeal *in forma pauperis* (Doc. 18) is **DENIED**.

As Petitioner's claims have been dismissed, he is not entitled to preliminary relief pending resolution of those claims. Accordingly, his motion for preliminary injunction

5

(Doc. 19) is **DENIED**, and this case remains closed.

**SO ORDERED**, this 22nd day of January, 2019.

<pre>
                              s/Marc T. Treadwell
                              MARC T. TREADWELL, JUDGE
                              UNITED STATES DISTRICT COURT
</pre>